IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VANESSA ARNOLD and LUCIA ARNOLD,<br>    Plaintiffs,<br><br>vs.<br><br>DILLARD'S; KRIS HENDRICKSON; SCOTT McDERMOTT [sic]; ALOHA [sic] SUTHERLAND; and JOHN DOES 1-20,<br>    Defendants | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV908 DAK |

  This matter is before the court on Defendants' Motion to Dismiss Third Amended Verified Complaint.  A hearing on the motion was held on October 17, 2012.  At the hearing, Plaintiffs were represented by S. Austin Johnson.  Defendants were represented by Timothy C. Houpt. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

  On May 7, 2008, Plaintiffs Vanessa and Lucia Arnold were arrested for shoplifting merchandise from the Dillard's department store in Provo, Utah.  On May 27, 2009, a jury found Plaintiffs guilty of retail theft.  Plaintiffs were sentenced on September 10, 2009.  Plaintiffs' claims in the instant action arise out of their arrest and conviction for shoplifting.  For example,

they have alleged that, "[i]ndividual Dillard's personnel and security officers have violated Plaintiff's [sic] constitution rights . . . by searching, detaining, booking, and prosecuting plaintiffs; by exaggerating, concealing or fabricating evidence to wrongfully convict plaintiffs of crimes they did not commit; and by committing such actions without adequate independent investigation of facts by the policy to justify the actions." (3rd Am. Compl. ¶ 3.).[1]

They also claim that Defendant Dillard's Department Store employs off-duty law enforcement officers to direct and work in its security program, and therefore, the store is liable under the doctrine of respondent [sic] superior for tortious actions of its agents. *Id.* at ¶6. Plaintiffs further claim that Dillard's was negligent in supervising its security guards and failed to have adequate policies to protect Plaintiffs "from improper, tortious actions done to injure plaintiffs." Plaintiffs allege that "[t]he store was negligent in allowing Kris Hendrickson, Scott McDermett [sic], and Arlohna [sic] Sutherland to commit fraud against Plaintiffs by fabricating criminal charges for shoplifting against Plaintiffs, steal Plaintiffs' personal property including shoes and clothing in their car, search their car without permission, and fail to document illegal activity." *Id.* Finally, Plaintiffs contend that "Defendants committed negligent infliction of emotional distress by negligently violating legal standards of conduct." *Id.* at ¶ 11.

The Third Amended Verified Complaint is the fourth Complaint filed in this action. In the Second Amended Verified Complaint, Plaintiffs had alleged civil rights violations, fraud, conversion, false imprisonment, and malicious prosecution. And Defendants had previously

---

[1] Docket No. 24. Plaintiffs apparently believe that the shoplifting charges were fabricated to discredit Plaintiff Vanessa Arnold in a civil rights suit she was litigating against a police officer, Skip Curtis. See Docket No. 27 at 8.

moved to dismiss the Second Amended Verified Complaint, arguing that the claims were barred by the applicable statutes of limitation, the doctrine of res judicata, and Plaintiffs' failure to state a claim for relief.  Then, on the eve of the hearing on Defendants' motion to dismiss, Plaintiffs requested leave to file a Third Amended Complaint, in which they "deleted claims for intentional torts where statutes of limitations may have run, like conversion and fraud." [2]  The court granted leave to file the Third Amended Complaint, and Defendants have now moved to dismiss that Complaint.

Defendants argue that Plaintiffs' claims are barred by the doctrine of res judicata, are barred for failure to state a claim, and, with regard to the tort claims, they are time-barred.[3] Defendants contend that Plaintiff's effort to recharacterize their time-barred tort claims from the Second Amended Complaint as secondary liability claims (i.e., "respondent [sic] superior" and "negligent supervision" claims) does not save them from the statute of limitations.

All Plaintiffs' claims fail for a variety of reasons.  First, they may not recover damages for claims that imply the invalidity of their underlying criminal convictions, unless their convictions had been reversed or otherwise declared invalid.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Plaintiffs' claims, while not well characterized, appear to stem from their allegations that they were wrongly detained, booked, and prosecuted and that the evidence against them was fabricated.  Plaintiffs' claims imply that their underlying criminal conviction

---

[2] Docket No. 17. at 3.

[3] Defendants also argue that Plaintiffs' claims should be dismissed on a variety of procedural defects, but the court declines to dismiss the claims on procedural grounds, although several of the arguments are likely meritorious.

for shoplifting is invalid, which is not permissible unless and until their convictions are reversed or otherwise nullified. Plaintiffs lost the appeal of their criminal convictions, and thus, their convictions have not been reversed or otherwise nullified. Accordingly, Plaintiffs' claims based on their allegations that they were wrongly detained, booked, and prosecuted, and that the evidence against them was fabricated violate the rule under *Heck* and are dismissed.

Moreover, to state a claim under § 1983, a plaintiff must allege that: she was deprived of a right secured by the Constitution and the laws of the United States; and, the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). Plaintiffs here have not even alleged that the mall security officers were acting under color of state law. *See E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1305 (10th Cir.2001) ("[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of a 'real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.' ") (citation omitted); *see also Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (emphasis added).[4]

Further, the court agrees with Defendants that Plaintiffs' tort claims, which have simply been re-cast as "secondary liability" claims, fail because any underlying tort claims are time-barred. Recasting the alleged tort claims as ""respondent [sic] superior" and "negligent

---

[4] While Plaintiffs have attempted to flesh out their "color of state law" theory in their memorandum in opposition, the court must look at the allegations set forth in the Third Amended Complaint. Because Plaintiffs have now had four bites at the apple in this case, having filed four different Complaints, the court declines to grant leave to amend to attempt to allege a plausible § 1983 claim. Moreover, not only have Plaintiff had four attempts to plead such a claim, but the court finds it would be futile in any event because of the doctrine of issue preclusion and the rule of *Heck*.

supervision" does not extend the limitations period.  Not only are the tort claims time-barred, but Plaintiffs have failed to set forth sufficient allegations to allege any plausible secondary liability claim.   Therefore, they are also dismissed for failure to state a claim.

In addition, Plaintiffs have failed to state a claim for negligent infliction of emotional distress.  Plaintiffs have failed to allege facts to support the elements of the cause of action, nor have they alleged any physical manifestation of harm.  *See Johnson v. Rogers,* 763 P.2d 771 (Utah 1988);  *Anderson Development Company v. Tobias*, 116 P.3d 323, 339 (Utah 2005) (internal citations omitted).  Also, to the extent the claim might be cased on the prosecution of Plaintiffs for shoplifting, the claim is barred.  *Id.* at 340.

Finally, because Plaintiffs were found guilty of retail theft in the underlying case, issue preclusion bars them from relitigating issues that are contrary to the findings in the criminal action.  *See Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Third Amended Verified Complaint [Docket No. 22] is GRANTED.  Plaintiffs' Third Amended Verified Complaint is DISMISSED with prejudice , and the Clerk of Court is directed to close this case.

DATED this 3rd day of January, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge